```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
LIN CHUN,

                Petitioner,

        - against -                       05 Civ. 4515 (JES)
                                          03 Cr. 737 (JES)
UNITED STATES OF AMERICA,
                                          MEMORANDUM OPINION
                Respondent.                    AND ORDER


----------------------------------------X
```
**SPRIZZO, D.J.:**

Petitioner Lin Chun brings this Motion to Vacate, Correct, or Reduce a Sentence under 28 U.S.C. § 2255 (hereinafter "§ 2255 Motion") and Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (hereinafter "§ 2241 Petition"), both dated April 26, 2005. Petitioner primarily argues a violation of his right to trial by jury because the Court, rather than a jury, inappropriately found the facts necessary to sentencing enhancements. The Government submitted a Response dated August 13, 2007. For the following reasons, the Court denies petitioner's § 2241 Petition and reserves decision on his § 2255 Motion pending a hearing on his claim of ineffective assistance of counsel.

## BACKGROUND

Petitioner entered a plea of guilty to the charge of conspiring to commit robbery, in violation of 18 U.S.C. § 1951 on November 12, 2003. Petitioner entered into a plea agreement that limited his ability to appeal or collaterally attack any sentence imposed within or below the stipulated guidelines range of 63 to 78 months. See Gov't Brief in Opp'n to § 2241 Petition and § 2255 Motion, Ex. A, 4; Tr. dated November 12, 2003 (hereinafter "Tr."),

10-11. The Court sentenced petitioner on February 26, 2004 to the low end of this range-63 months imprisonment, 3 years supervised release, and a $100 special assessment.

Petitioner then submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania on February 16, 2005 challenging his conviction in this Court. That Court dismissed his petition without prejudice on March 29, 2005.

## DISCUSSION

As indicated by the Court at the time of the plea, petitioner waived his right to appeal or collaterally attack his sentence in his plea agreement. See Tr. 10-11. Given the thorough allocution, it is clear that petitioner knowingly and voluntarily entered into this plea agreement. See also Tr. 5-6. Therefore, petitioner's waiver of his right to appeal or collaterally attack this sentence is enforceable. See Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); United States v. Fisher, 232 F.3d 301, 303 (2d Cir. 2000). As the Court imposed a sentence at the low end of this agreement, the waiver is effective and petitioner may not challenge his sentence.

Petitioner properly filed his § 2255 Motion to challenge the imposition of his sentence, not the execution thereof. The Second Circuit has made it clear that a challenge to the execution of a sentence is appropriate under § 2241, but a challenge to the imposition of a sentence should be filed as a motion under § 2255. See Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003). Therefore, petitioner's similar claim in his § 2241 Petition should

be treated as a § 2255 Motion.  Though 28 U.S.C. § 2255 does provide a "savings clause" that allows a petitioner to file a § 2241 petitioner if a § 2255 motion is an "inadequate or ineffective" remedy, petitioner has made no such showing here.

However, the Court fails to understand petitioner's § 2255 challenge based upon the fact that the court, rather than a jury, made a determination of facts supporting a sentencing enhancement. The Court made no findings over and above those set forth in the plea agreement that petitioner's counsel, petitioner himself, and the Government agreed to.  Moreover, since the Court sentenced petitioner at the low end of the agreed upon sentencing range, there was no enhancement of his sentence.  Furthermore, the Court can properly find facts relevant to sentencing by a preponderance of the evidence. See United States v. Vaughn, 430 F.3d 518, 526 (2d Cir. 2005).

Finally, petitioner also argues that he directed his lawyer to file a notice of appeal, which he failed to do. See § 2255 Motion at 7.  It is hard to comprehend the significance of this argument in this case where there is a waiver of the right to appeal. However, the Supreme Court has held that the test for ineffective assistance of counsel outlined in Strickland v. Washington, 466 U.S. 668 (1984) applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  The Second Circuit has further held that when counsel fails to file a notice of appeal upon the request of his client, the Court should "presume prejudice . . . and the defendant will be entitled to a direct appeal without

any showing on collateral review that his appeal will likely have merit." See Campusano v. U.S., 442 F.3d 770, 771 (2d Cir. 2006)(defendant had signed a waiver of appeal). To the extent this raises an issue of ineffective assistance of counsel, which may relieve petitioner of his waiver, there is at least a factual dispute as to whether or not petitioner instructed his counsel to file a notice of appeal.

## CONCLUSION

The Court hereby denies petitioner's § 2241 Petitioner and reserves decision on petitioner's § 2255 Motion.[1] A hearing on the issue of whether or not petitioner asked his counsel to file a notice of appeal shall occur on November 7, 2007 at 2:00 p.m. in Courtroom 14C, 500 Pearl Street.

**DATED:**   New York, New York
~~August        , 2007~~

9-11-07

John E. Sprizzo
United States District Judge

---

[1] Additionally, petitioner's argument in his § 2255 motion that this Court should recuse itself is improper given the plain language of § 2255 which requires the petitioner to make his motion in the "court which imposed the sentence." See 28 U.S.C. § 2255.

4

**APPEARANCES**

Lin Chun
Register # 12977-055
Plaintiff, Pro Se
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887

MICHAEL J. GARCIA
UNITED STATES ATTORNEY,
SOUTHERN DISTRICT OF NEW YORK
Attorney for Defendant
The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, NY 10007

    PARVIN MOYNE
    ASSISTANT UNITED STATES ATTORNEY

        Of Counsel